IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JUAN CARLOS RIOS**                                                                        **PETITIONER**

V.                            **No. 2:22-cv-00096 JM/PSH**

**JOHN YATES, Warden,**
**FCI Forrest City Medium**                                        **RESPONDENT**

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

On May 31, 2022, petitioner Juan Carlos Rios ("Rios") filed a petition pursuant to 28 U.S.C. § 2241 seeking habeas relief. Rios is serving a twenty-eight month sentence following his guilty plea to manufacturing counterfeit obligations or other security of the United States. His guilty plea was entered in the United

States District Court for the Southern District of Texas, and Rios is incarcerated in Forrest City, Arkansas.

In his petition, Rios contends he has been denied pre-detention time credits, including earned good time credits, that erroneously issued Bureau of Prisons ("BOP") identification cards have resulted in an incorrect calculation of his sentence, and that the prison mail service and grievance process are delayed due to COVID. Rios marked "No" on the form petition in response to the question, "Did you appeal the decision, file a grievance, or seek an administrative remedy?" Doc. No. 1 at 2. Elsewhere in his petition, Rios explained the following reasons for his omission: Upon arrival at Forrest City Rios was housed in COVID quarantine unit for about a week. While there, Rios states he wrote a BOP grievance form and gave it to an officer (whose name Rios does not know) and he received no reply to the grievance. Rios also indicates he inquired at the prison's Records Department about denied jail and pre-detention credits after the week in isolation but was told to seek answers from the BOP. Rios also asked his BOP Counselor, Ms. Baldwin, about his pre-sentence detention credits, and was told she was without authority to act on the issue. Rios concludes that he "has without success exhausted the means he has available" for relief from the BOP. Doc. No. 1 at 11. He also alleges that COVID has rendered the grievance process unreliable, and requests the Court to excuse his failure to exhaust his administrative remedies. Doc. No. 1 at 10-11.

Yates contends that Rios should not be excused from his duty to pursue administrative relief, and argues that the petition should be dismissed due to Rios' admitted failure to exhaust administrative remedies. Doc. No. 10.

The United States Court of Appeals for the Eighth Circuit has consistently held that before seeking federal habeas corpus relief under 28 U.S.C. § 2241, an inmate must exhaust his available administrative remedies. The United States Court of Appeals for the Eighth Circuit has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). There are benefits from prior administrative review, even assuming that the BOP denies Rios' request. The benefits include a record of the reasons the BOP decided as it did. Further, if Rios is correct in his assertions, the BOP "must be given a chance to clean up its act before the courts are asked to intervene." *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Yates has established that the BOP has a three-level administrative procedure for filing grievances that is codified at 28 C.F.R. §§542.10-.19. Doc.

No. 10 at 8-9. That procedure indicates that if an inmate does not receive a response to a grievance by the deadline for response, he may consider the lack of response to constitute a denial, and proceed to the next step in the grievance process. Rios claims that he submitted a grievance but received no response. Assuming, without deciding,[1] that Rios submitted a grievance, once the time period for response passed without response, he was obligated to proceed to the next level. He did not do so. Additionally, the other efforts described by Rios to seek relief do not comply with the administrative procedure for filing grievances.

The Court is aware that exhaustion of administrative remedies is not required if this is an exercise in futility. Here, however, Rios does not allege or provide evidence that an effort to seek administrative relief would be futile. The BOP should be given the opportunity to address Rios' argument prior to the presentation of the claims in federal court.

---

[1] Yates attached a sworn statement from Aleshia Morris ("Morris"), Associate Warden's Secretary at the Forrest City prison where Rios resides, who states that her duties include maintaining Administrative Remedy files and tracking compliance with investigation and response deadlines. According to Morris, Rios has not submitted any Administrative Remedy Requests while incarcerated at Forrest City. Morris reports that 148 Administrative Requests have been processed at the Forrest City unit this calendar year. Docket entry no. 10-3. Yates also attached a sworn statement from Stacy Fanello ("Fanello"), Management Analyst at the BOP, who states she has access to records maintained by the BOP and whose duties include inmate sentence computation issues. Fanello's search of the relevant records did not uncover any administrative challenges to his sentence computation. Docket entry no. 10-4.

As a result, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice.

IT IS SO ORDERED this 6th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE